

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-64,512-06

### EX PARTE MARK RANDALL BRISTER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A-090719-AR IN THE 128TH DISTRICT COURT
### FROM ORANGE COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to forty years' imprisonment. The Ninth Court of Appeals affirmed his conviction, but struck the deadly weapon finding from the judgment. *Brister v. State*, 414 S.W.3d 336 (Tex. App.—Beaumont), *aff'd*, 449 S.W.3d 490 (Tex. Crim. App. 2014).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel (1) failed to object to the State's admission of Applicant's refusal of the breath test

without predicate evidence of a statutory warning, (2) failed to exercise a preemptory challenge on venire member 22, who stated during *voir dire* that her daughter was killed by a drunk driver, (3) failed to object to the trial court's denial of a proper strike of venire member 16, who stated that, if Applicant had a prior conviction for driving while intoxicated, it was likely he was guilty of the instant offense, (4) failed to object to the State's comment in *voir dire* that Applicant had "conviction after conviction" and had been "in and out of prison," (5) failed to investigate good cause for delay of the indictment, and, (6) failed to object to the prosecution commenting on Applicant's refusal to give a specimen as an admission of guilt.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 18, 2015
Do not publish